**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TIMOTHY HATTEN,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:12-0772** |
| **v.** | : | **(CALDWELL, D.J.)** |
| | | **(MANNION, M.J.)** |
| **BRYAN A. BLEDSOE,** | : | |
| **Defendant** | : | |

## REPORT AND RECOMMENDATION[1]

On April 25, 2012, petitioner Timothy Hatten filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No. 1). On May 22, 2012, the petitioner filed the applicable filing fee. (Doc. No. 4). As such, the petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 cases, as made applicable to Section 2241 cases by Rule 1 thereof. See 28 U.S.C. foll. §2254.[2]

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2]Ordinarily, prior to giving the petition preliminary consideration, an administrative order would be issued pursuant United States v. Miller, 197 F.3d 644 (3d Cir. 1999), advising the petitioner that he could have his petition ruled on as filed (i.e., as a § 2241 petition); have his petition re-characterized as a § 2255 motion and heard as such, but lose his ability to file a second or successive petition absent certification by the court of appeals; or withdraw his petition and file one all-inclusive § 2255 motion within the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), Pub. L. No. 104-132, Title 1, §§101-108, 110 Stat. 1214, 1217-21
(continued...)

In petitioner Hatten's habeas petition, he indicates that he is presently serving a federal sentence which was imposed by the United States District Court for the Southern District of Florida and affirmed by the United States Court of Appeals for the Eleventh Circuit for conspiracy to possess with intent to distribute crack cocaine and conspiracy to possess with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. §§841(a)(1) and 846.

Petitioner claims violations of his Fourth Amendment rights during the investigation leading to his arrest and conviction. In particular, petitioner claims that searches of his home and automobile and wiretaps were conducted in violation of his Fourth Amendment rights. As such, petitioner requests that his conviction be overturned and he be released.

An application for a writ of habeas corpus on behalf of a prisoner, who is authorized to apply for relief by a motion pursuant to §2255, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by way of a §2255 motion is inadequate or ineffective to test the legality of his detention.

The petitioner is seeking to challenge his conviction and sentence in the Southern District of Florida and therefore, his claim should be brought by way

---

[2](...continued)

(1996). However, because the petitioner has filed a §2241 petition in the past and was advised of his rights pursuant to §2255 during that proceeding, the notice specified by Miller was not issued in this case. See Hatten v. United States, Civil Action No. 1:11-0062.

of a §2255 motion before the sentencing judge.

To be able to bring a §2241 petition for a writ of habeas corpus, the petitioner must establish that he satisfies the safety-valve language of §2255, i.e., that the remedy by a §2255 motion is inadequate or ineffective to test the legality of his detention.  The safety-valve language in §2255 has been strictly construed.  See Application of Galante, 437 F.2d 1164, 1165-66 (3d Cir. 1971) (unfavorable legal standards prevailing in circuit where sentencing court located does not render §2255 remedy inadequate or ineffective); Millan-Diaz v. Parker, 444 F.2d 95, 97 (3d Cir. 1971)(doubts about the administration of a §2255 motion in particular does not make the remedy inadequate or ineffective); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)(even if the sentencing court incorrectly disposes of a proper motion under §2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition).

A §2255 motion is "inadequate or ineffective" only where a prisoner demonstrates "that some limitation of scope or procedure would prevent a §2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971)(per curiam)(quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See id.; Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). It is the inefficacy of the

remedy, not the personal inability of the petitioner to utilize it, that is determinative. Garris v. Lindsay, 794 F.2d 722, 727 (D.C.Cir. 1986). Courts have consistently held that a prior unsuccessful motion to vacate sentence does not render the remedy inadequate or ineffective. In re Vial, 115 F.3d 1192 (4th Cir. 1997)(stating the remedy afforded by §2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a §2255 motion). Moreover, "[§]2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255." Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

Here, the petitioner has not met the high standard so as to be allowed to proceed under §2241 instead of §2255. In fact, the petitioner has not presented any indication of an attempt to raise his challenge to the sentencing court under §2255, nor has the petitioner advanced any arguments as to §2255's inadequacy or ineffectiveness.

In sum, the petitioner's account of Fourth Amendment violations leading to his conviction fails to indicate any reason why he should be able to proceed under §2241 instead of §2255. The remedy afforded under §2241 is not an additional, alternative or supplemental remedy to that prescribed under §2255. Hatten's petition should be dismissed for lack of jurisdiction, as his

petition should have been brought in a motion under §2255 to the sentencing court.

On the basis of the foregoing, **IT IS RECOMMENDED THAT**:

the petition for writ of habeas corpus, **(Doc. No. 1)**, be **DISMISSED** for lack of jurisdiction.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE:  May 30, 2012**

O:\shared\REPORTS\2012 Reports\12-0772-01.wpd

5