IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY HATTEN, :
    Petitioner :
     :
    v. : CIVIL NO. 1:12-CV-772
     :
BRYAN A. BLEDSOE, :
    Respondent :

*M E M O R A N D U M*

Petitioner, Timothy Hatten, an inmate at USP-Lewisburg, Pennsylvania, filed a pro se petition under 28 U.S.C. § 2241 challenging his 1992 conviction in the United States District Court for the Southern District of Florida on drug-trafficking offenses. The petition argues that the searches of his vehicle and residence violated Florida state law interpreting the Fourth Amendment as set forth in *State v. Marrow*, 459 So.2d 321 (Fla. Dist. Ct. App. 1984), and *State v. Beney*, 523 So.2d 744 (Fla. Dist. Ct. App. 1988).

The magistrate judge filed a report and recommendation, recommending that the petition be dismissed for lack of jurisdiction because Petitioner had not shown that relief under 28 U.S.C. § 2255 was inadequate or ineffective. Upon review of Petitioner's objections to the report, on July 24, 2012, we adopted the report and recommendation and dismissed the petition for lack of jurisdiction.

Pursuant to Fed. R. Civ. P. 59(e), Petitioner has filed a motion for reconsideration of the July 24 order. He argues that section 2255 is inadequate or ineffective because at the time he filed his 2255 motion in 2000, the Bureau of Prisons did not provide access to Florida State law so that he could have presented at that time his current claim based on the two cases cited.

We reject Petitioner's argument. Section 2255 is not inadequate or ineffective because a defendant convicted under federal law has no access to state law. The two cases cited by Petitioner, *Story v. Morgan*, 786 F. Supp. 523 (W.D. Pa. 1992), and *Sills v. Bureau of Prisons*, 761 F.2d 792 (D.C. Cir. 1985), in support of that position are distinguishable. First, both cases were civil-rights actions seeking access to legal materials unavailable at their prisons, not habeas corpus petitions. Second, the legal material the plaintiffs were seeking access to was relevant to proceedings they were pursuing to challenge their convictions. In *Story*, the plaintiff had been convicted under Pennsylvania law and needed access to Pennsylvania legal materials. In *Sills*, the plaintiff had been convicted under military law and was seeking access to military legal materials.

Since section 2255 was not inadequate or ineffective, we lack jurisdiction over the 2241 petition. *See Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971); *Abed v. Bledsoe*, 473 F. App'x 106, ___ (3d Cir. 2012) (nonprecedential).[1]

Even if we could adjudicate the 2241 petition claim, the claim lacks merit. Petitioner contends that the searches of his vehicle and residence violated Florida State law interpreting the Fourth Amendment. State-law claims are not cognizable in federal habeas corpus. *See Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 874-75, 79 L.Ed.2d 29 (1984) (section 2241); *Swarthout v. Cooke*, ___ U.S. ___, ___, 131 S.Ct. 859, 861, 178 L.Ed.2d 732 (2011) (section 2254). Petitioner must present a violation of the federal Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3) (noting that a section 2241 petition may be brought when a person "is in custody in violation of the Constitution or laws or treaties of the United States").

If the claim is intended as a straightforward Fourth Amendment claim, we would still not grant relief upon it. The claim was adjudicated against Petitioner in his direct appeal, *United States v. Glinton*, 154 F.3d 1245, 1254-57 (11th Cir. 1998), using the same Supreme Court case, *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), that guided the Fourth Amendment ruling in *Marrow*, with *Beney*

---

[1] As further support for our authority to entertain the petition, Petitioner also claims to be "actually legally innocent" of his offenses. (Doc. 11, motion for reconsideration at p. 3). See *United States v. Garth*, 188 F.3d 99, 107 (3d Cir. 1999) (procedural default can be excused if a defendant shows actual innocence). However, Petitioner alleges no facts to support that contention.

-3-

later citing *Franks* and *Marrow*. Collateral proceedings cannot be used to relitigate matters decided on direct appeal. *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (section 2255 motion).

      We will issue an appropriate order.

                              /s/ William W. Caldwell
                              William W. Caldwell
                              United States District Judge

Date: August 27, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY HATTEN, :
    Petitioner :
     :
  v. : CIVIL NO. 1:12-CV-772
     :
BRYAN A. BLEDSOE, :
    Respondent :

*O R D E R*

AND NOW, this 27th day of August, 2012, it is ORDERED that Petitioner's motion (Doc. 11) for reconsideration of the order of July 24, 2012 (Doc. 10) is DENIED.

                                  /s/ William W. Caldwell
                                 William W. Caldwell
                                 United States District Judge