IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY HATTEN,                          :
      Petitioner                        :
                                         :
  v.                                      :   CIVIL NO. 1:12-CV-772
                                         :
BRYAN A. BLEDSOE,                        :
      Respondent                        :

*M E M O R A N D U M*

Petitioner, Timothy Hatten, an inmate at USP-Lewisburg, Pennsylvania,
filed a pro se petition under 28 U.S.C. § 2241 challenging his 1992 conviction in the
United States District Court for the Southern District of Florida on drug-trafficking
offenses.  The magistrate judge filed a report and recommendation, recommending that
the petition be dismissed for lack of jurisdiction.  We agreed with the recommendation
and dismissed the petition.  Petitioner filed a motion for reconsideration, which we
denied.  We are considering Petitioner's motion for reconsideration of the denial of the
motion for reconsideration.

By way of some background, the petition argued that the searches of
Petitioner's vehicle and residence violated Florida state law interpreting the Fourth
Amendment as set forth in *State v. Marrow*, 459 So.2d 321 (Fla. Dist. Ct. App. 1984),
and *State v. Beney*, 523 So.2d 744 (Fla. Dist. Ct. App. 1988).  The magistrate judge
recommended dismissal because Petitioner had not shown that relief under 28 U.S.C.
§ 2255 was inadequate or ineffective.  Upon review of Petitioner's objections to the

report, on July 24, 2012, we adopted the report and recommendation and dismissed the petition for lack of jurisdiction.

Pursuant to Fed. R. Civ. P. 59(e), Petitioner filed a motion for reconsideration of the July 24 order.  He argued that section 2255 is inadequate or ineffective because when he filed his 2255 motion in 2000, the Bureau of Prisons did not provide access to Florida State law so that he could have presented at that time his current claim based on the two cases cited.

By memorandum and order of August 27, 2012, we denied the motion. *Hatten v. Bledsoe*, 2012 WL 3757482 (M.D. Pa.).  We concluded as follows.  First, section 2255 is not inadequate or ineffective when a defendant convicted under federal law has no access to state law.  Second, the claim lacked merit in any event for two reasons: (1) state-law claims are not cognizable in federal habeas corpus; and (2) treating the claim as a straightforward Fourth Amendment claim did not assist Petitioner  since the Fourth Amendment claim had already been adjudicated against Petitioner in his direct appeal.

A motion for reconsideration under Rule 59(e) is used "'to correct manifest errors of law or fact or to present newly discovered evidence.'"  *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).  "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to

prevent manifest injustice." *Id.*  It cannot be used simply to reargue issues that the court

has already considered and disposed of.  *Blanchard v. Gallick*, No. 09-1875, 2011 WL

1878226, at *1 (M.D. Pa. May 17, 2011) (Caldwell, J.) (citing *Ogden v. Keystone*

*Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)).  Nor can the motion be used to

raise new arguments or supporting facts that could have been raised previously, but

were not.  *Id.*

        Petitioner's motion for reconsideration argues the following.  First, contrary

to the court's reference to the Fourth Amendment, the legality of the issuance of the

search warrant and the seizure of the evidence taken from Petitioner's residence and

vehicle was governed by Florida law.  Hence Petitioner did need access to state law.

Second, we erred in deciding that Petitioner had access to Florida law when he had no

access, as far back as his trial, continuing with his 28 U.S.C. § 2255 motion, and even

now.  Petitioner maintains that *Marrow* and *Beney* would have exonerated him if he had

had access to these cases previously.  Third, we erred in deciding that his claim lacked

merit.  Fourth, we erred in deciding that Petitioner's claim had been adjudicated against

him on direct appeal.  In support, Petitioner asserts that prosecutorial misconduct,

consisting of withholding the *Marrow* and *Beney* cases from the Eleventh Circuit, misled

the court of appeals into believing that the issuance of the search warrant was valid

under Florida law.  In Petitioner's view, case law can be *Brady* material.[1]  On this

argument, Petitioner adds that the federal prosecutor allowed law-enforcement officers to

---

[1] *See Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

lie under oath before the grand jury, at pretrial suppression hearings, and at trial.  The

testimony at the suppression hearings involved obtaining the search warrants while not

revealing the true source of the information supporting the warrants so that the wiretaps

could be kept secret.

We will deny the motion for reconsideration.  Petitioner's first argument is

partly correct.  The legality under Florida statutory law of the wiretaps that led to the

searches of his residence and vehicle was an issue in his case, and decided adversely to

him on direct appeal.  *United States v. Glinton*, 154 F.3d 1245, 1252-54 (11th Cir. 1998).

But Petitioner did not present the state statutory claim in his 2241 petition.  Instead, he

presented a Fourth Amendment claim, which was also decided against him on direct

appeal.  *Id.* at 1255-57.  A motion for reconsideration cannot be used to present a new

claim.  Even if he had presented the statutory claim, since that claim has already been

decided adversely to him on direct appeal, collateral proceedings cannot be used to

relitigate it.  *Hatten*, 2012 WL 3757482, at *2.[2]

Petitioner's second argument is irrelevant.  We did not find that he had

access to *Marrow* and *Beney*.  Instead, we decided that it was immaterial whether he

had access or not.  *Id.* at *1.  Petitioner's third argument is mistaken.  We correctly

decided that his 2241 claim lacked merit.  Petitioner's fourth argument also fails.

Petitioner had a Fourth Amendment claim, not a *Marrow* or *Beney* claim, and that Fourth

---

[2]  We will assume for the purpose of Petitioner's motion that the state-law wiretapping
claim presents an issue of federal law since the Eleventh Circuit decided that it would examine
the legality of the wiretaps under state law even though the prosecution was federal.  *Glinton*,
154 F.3d at 1252-53.

Amendment claim was adjudicated on direct appeal, *Glinton*, 154 F.3d at 1255-57, even if the Eleventh Circuit did not cite *Marrow* or *Beney*.  Additionally, there was no prosecutorial misconduct when the government did not cite *Marrow* or *Beney* on Petitioner's direct appeal.  Case law is not *Brady* material.  Finally, Petitioner's claim that the federal prosecutor allowed law-enforcement officers to lie under oath before the grand jury, at pretrial suppression hearings, and at trial is a new claim.  We do not address new claims on a motion for reconsideration.

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 3, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


TIMOTHY HATTEN,                          :
        Petitioner                       :
                                         :
    v.                                   :   CIVIL NO. 1:12-CV-772
                                         :
BRYAN A. BLEDSOE,                        :
        Respondent                       :


*O R D E R*


        AND NOW, this 3rd day of October, 2012, it is ORDERED that Petitioner's

motion (Doc. 13) for reconsideration of the order of August 27, 2012 (Doc. 12) is

DENIED.


                               /s/ William W. Caldwell
                              William W. Caldwell
                              United States District Judge